JACK W. FIANDER
TOWTNUK LAW OFFICES, LTD.
SACRED GROUND LEGAL SERVICES, INC.
5808A SUMMITVIEW AVENUE, #93
YAKIMA, WA 98908
(509) 961-0096

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

ESTATE OF CHARLES FIANDER, and
ROGER MARK FIANDER

    Plaintiffs,

v.

YAKIMA RESERVATION IRRIGATION DISTRICT,

    Defendant.

No. 1:21-cv-3024

**COMPLAINT—CLASS ACTION FOR INJUNCTIVE AND DECLARATORY RELIEF**

Fed. R. Civ. P. 23

## I.  INTRODUCTION

1.A  This civil action involves a complaint seeking to declare that defendant's imposition of a monetary fee for so-called irrigation services upon plaintiffs who are owners of land situated on the Yakama Reservation to whom no water delivery services are provided by defendant is unlawful, does not constitute a governmental tax authorized to be imposed upon such lands, and seeking a permanent injunction requiring defendant to provide a means for exempting plaintiffs from such assessments.

COMPLAINT
Page 1

TOWTNUK LAW OFFICES, LTD.
SACRED GROUND LEGAL SERVICES, INC.
5808A SUMMITVIEW AVE #93
YAKIMA, WA 98908

## II. PARTIES

2.A.  Plaintiff Estate of Charles Fiander is the owner of a 1.9 acre parcel of land situated in the area of White Swan, Washington which is a portion of former Indian tribal allotment known as the Coburn Addition, for which a fee patent was issued to him.

2.B.  Plaintiff Roger Mark Fiander is the owner of a parcel of similar land situated at 140 Deering Road on the Yakama Reservation.

2.C.  Defendant is an irrigation district which purports to be formed under state law with a registered address of P.O. Box 1689, Yakima, WA 98907.

## III. JURISDICTION AND VENUE

3.A.  The Court has jurisdiction over this cause pursuant to 28 U.S.C. §1331 in that this cause presents a Federal Question as to whether defendant, a nongovernmental association possesses authority, in the absence of Congressional authorization, to monetarily assess Indian owned lands in Indian Country, absent their consent, for irrigation services which are not actually provided to them by defendant.

3.B.  The Court has jurisdiction to resolve this Federal Question in that this civil action is not barred by the State Tax Anti-Injunction Act, 28 U.S.C. §1341 as defendant's assessment does not constitute a state tax, does not meet the definition of a tax, is not imposed to provide governmental services, and does not

COMPLAINT
Page 2

TOWTNUK LAW OFFICES, LTD.
SACRED GROUND LEGAL SERVICES, INC.
5808A SUMMITVIEW AVE #93
YAKIMA, WA 98908

fall within the class of taxes authorized to be imposed upon Indian Reservation lands according to clearly established law.

3.C. As this court possesses jurisdiction pursuant to 28 U.S.C. 1331 to resolve the federal question regarding the applicability of defendant's monetary assessment against plaintiffs' lands, and such action is not barred by 28 U.S.C. 1341, the Court possesses pendent or ancillary jurisdiction to determine plaintiff's claim that defendant does not qualify as an irrigation district within the meaning of Washington state law.

3.D. Venue lies in the Eastern District of Washington in that all parties reside, are domiciled, or have business headquarters within the Eastern District of Washington.

## IV. FACTUAL ALLEGATIONS

4.A. Plaintiffs are members of the Yakama Nation.

4.B. Plaintiffs own land in fee simple status with the Yakama Reservation.

4.C. Defendant purport to be an Irrigation District operating within the Yakama Reservation.

4.D. An irrigation district may be organized or maintained for the purposes of:

    4.D.1. The construction or purchase of works, or parts of same, for the irrigation of lands within the operation of the district;

COMPLAINT
Page 3

TOWTNUK LAW OFFICES, LTD.
SACRED GROUND LEGAL SERVICES, INC.
5808A SUMMITVIEW AVE #93
YAKIMA, WA 98908

   4.D.2. The reconstruction, repair or improvement of existing irrigation works;

   4.D.3. The operation or maintenance of existing irrigation works;

   4.D.4. The construction, reconstruction, repair or maintenance of a system of diverting conduits from a natural source of water supply to the point of individual distribution for irrigation purposes; and

   4.D.5. The execution and performance of any contract authorized by law with any department of the federal government or of the state of Washington, for reclamation and irrigation purposes.

  4.E. On information and belief, defendant provides no services identified in ¶ 4.D above.

  4.F. Defendant is not a governmental entity.

  4.G. Defendant imposes a monetary assessment for irrigation district services upon plaintiffs' land.

   4.G.1. The assessment identified in the foregoing paragraph is not authorized by any act or statute of the United States Congress.

  4.H. On information and belief, none of such assessments collected by defendant from plaintiffs are not expended for the purposes identified in ¶ 4.D above.

COMPLAINT
Page 4

TOWTNUK LAW OFFICES, LTD.
SACRED GROUND LEGAL SERVICES, INC.
5808A SUMMITVIEW AVE #93
YAKIMA, WA 98908

4.I. On information and belief, the majority of the funds derived from such assessments are expended upon legislative lobbying and litigation, often in opposition to the proposed class members.

4.J. On information and belief, for purposes of collection of payment of such assessment, defendant has designated the Treasurer of Yakima County, Washington as defendant's treasurer.

4.K. Failure to pay such assessment can, and has, resulted in a lien upon lands and foreclosure of lands owned by plaintiff and the members of plaintiffs' class.

4.L. Defendant is not a subdivision of the United States or the State of Washington.

## V. CLASS ALLEGATIONS

5.1. The estate of deceased Yakama Indian Charles Fiander, and his living lineal descendant Roger Mark Fiander, bring this action under Federal Rule of Civil Procedure 23(b)(2) on behalf of themselves and a class of all other persons similarly situated who are, have been, and will be, subjected to bi-annual monetary assessments imposed upon them and lands by the defendant.

5.2. Plaintiffs seek to represent the following class: All members of the Yakama Nation who own land within the Yakama Reservation who are being assessed and required to pay a monetary assessment to defendant.

COMPLAINT
Page 5

TOWTNUK LAW OFFICES, LTD.
SACRED GROUND LEGAL SERVICES, INC.
5808A SUMMITVIEW AVE #93
YAKIMA, WA 98908

5.3. Plaintiffs are each adequate representatives of the proposed class. The proposed class satisfies the requirements of Rule 23(a)(1) because the class is so numerous that joinder of all members is impracticable. On information and belief, there are at least several hundred persons that fit within the class in that they old title to land assessed by defendant and an unknown yet numerous number of persons who are co-owners of such lands holding undivided fractionated interests in such land.

5.4. The class meets the commonality requirements of Federal Rule of Civil Procedure 23(a)(2). The members of the class are subject to a common practice by Defendants: Being assessed a monetary amount not authorized to be imposed by the United States Congress upon lands owned by Indian tribal members in Indian Country to offset the cost of irrigation services which are not provided by defendant.

5.5. By definition, all class members have experienced that practice.

5.6. The lawsuit raises questions of law common to members of the proposed class, specifically including the federal question of whether the defendant possesses lawful authority to monetarily assess and collect payment from class members for the provision of irrigation services which are not provided.

COMPLAINT
Page 6

TOWTNUK LAW OFFICES, LTD.
SACRED GROUND LEGAL SERVICES, INC.
5808A SUMMITVIEW AVE #93
YAKIMA, WA 98908

5.7. The proposed class meets the typicality requirements of Federal Rule of Civil Procedure 23(a)(3), because the claims of the representative Plaintiffs are typical of the claims of the class. Mssrs. Fiander and the proposed class members are all individuals who have had to pay money to defendant despite the defendant not being a governmental entity authorized to impose such assessment upon Indian owned lands in Indian Country and despite that defendant provides no irrigation water delivery services to them nor even owns an irrigation canal or headgate.

5.8. The proposed class meets the adequacy requirements of Federal Rule of Civil Procedure 23(a)(4). The representative Plaintiffs seek the same relief as the other members of the class—namely, an order that the Defendant promptly provide a means for identifying and notifying landowners whose lands should be excluded from such assessments and to remove such properties from defendant's assessment rolls.

## VI. CLAIMS FOR RELIEF

6.A. Defendant's assessment constitutes an impermissible financial burden upon plaintiff's property and that owned by the members of plaintiff's proposed class which is not authorized by existing federal law to be applicable to Indian reservation land owners.

COMPLAINT
Page 7

TOWTNUK LAW OFFICES, LTD.
SACRED GROUND LEGAL SERVICES, INC.
5808A SUMMITVIEW AVE #93
YAKIMA, WA 98908

5.B. Defendant's conduct or assessment is further contrary to existing Washington state law as to any fee simple landowner within the Yakama Reservation whether he or she be a tribal citizen or not in that defendant was not properly organized as an irrigation district and exercises none of the powers, or exceeds such powers, conferred upon irrigation districts,

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

A. Certify this cause as a class action pursuant to Rule 23, Fed. R. Civ. P., designate plaintiffs as suitable representatives of such class, and appoint the undersigned counsel as attorney for such class.

B. Declare that defendant lacks authority to monetarily impose a financial assessment upon plaintiffs' lands.

C. Declare that defendant's activities exceed the lawful powers of an irrigation district.

D. Award plaintiffs damages in the amounts, within the statutory limitations period, that plaintiffs have been required to pay defendant, or disgorgement of such funds to plaintiffs and the members of plaintiffs' proposed class.

E. Enter a permanent injunction requiring defendant to give notice, in a manner likely to provide actual notice to the class members, of the

COMPLAINT
Page 8

TOWTNUK LAW OFFICES, LTD.
SACRED GROUND LEGAL SERVICES, INC.
5808A SUMMITVIEW AVE #93
YAKIMA, WA 98908

opportunity to be excluded from assesssments imposed by defendant and enjoining defendant from further assessments.

F. Award such other and further relief as is just and equitable, including an award to plaintiffs of their reasonable costs of suit.

DATED this 23rd day of February, 2021.

Respectfully submitted,

S/Jack W. Fiander_____
Counsel for Plaintiffs

COMPLAINT
Page 9

TOWTNUK LAW OFFICES, LTD.
SACRED GROUND LEGAL SERVICES, INC.
5808A SUMMITVIEW AVE #93
YAKIMA, WA 98908